IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 10, 2018

IN RE ESTATE OF BOBBY FRANK FLETCHER

**Appeal from the Probate Court for Rutherford County**
**No. 1  Tolbert Gilley, Judge**

_____

**No. M2017-02112-COA-R3-CV**

_____

This appeal arises out of a petition to construe a will. The petitioner has appealed from an order requiring him to obtain an attorney within thirty days or else the matter would be dismissed.  Because the order does not dismiss the petition or otherwise dispose of all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

James Robert Wilson, Only, Tennessee, pro se.

Robert Laird Sands, Murfreesboro, Tennessee, for the appellees, Estate of Bobby Frank Fletcher and Mattie G. Alsup.

**MEMORANDUM OPINION**[1]

In the Probate Court for Rutherford County, James R. Wilson, an inmate proceeding pro se, filed a petition to construe the will of Bobby F. Fletcher.  On September 27, 2017, the trial court ordered Mr. Wilson to obtain an attorney within thirty days or else the matter would be dismissed.  Mr. Wilson subsequently filed a motion to ascertain the status of the case, a motion to strike the September 27, 2017 order, and a

_____

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

notice of appeal from the September 27, 2017 order.  The record contains no further orders of the trial court.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment.  Tenn. R. App. P. 3(a).  A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do."  *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).  An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right.  Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The trial court clerk filed the record on appeal with the clerk of this court on June 29, 2018.  Upon review of the record, this Court determined that the September 27, 2017 order was not a final judgment because it does not dismiss Mr. Wilson's petition but merely states that the matter will be dismissed if Mr. Wilson does not retain counsel.  As far as the record shows, Mr. Wilson's petition remains pending in the trial court.  Thus, on June 29, 2018, this Court ordered the parties either to obtain a final judgment from the trial court within sixty days or else to show cause why the appeal should not be dismissed.  Although more than sixty days have now passed, the parties have neither obtained a final judgment nor otherwise responded to this Court's show cause order.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered.  The case is remanded to the trial court for further proceedings consistent with this opinion.  The costs of the appeal are taxed to James R. Wilson for which execution may issue.

PER CURIAM

2